# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DENISE L. HOLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-01857-NCC |
| | ) | |
| FELIX VINCENZ, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Denise L. Holman's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 9). For the reasons discussed below, the Court will direct petitioner to show cause why her petition should not be dismissed as untimely or for failure to exhaust state remedies.

### Background

On March 9, 2010, the State of Missouri filed an information charging petitioner with the Class C felony of assault in the second degree. *State of Missouri v. Holman*, No. 10MR-CR00099-01 (10th Cir., Marion County).[1] On August 2, 2010, petitioner withdrew her plea of not guilty and entered a plea of not guilty by reason of mental disease or defect excluding responsibility. As such, the circuit court acquitted her of the charge of assault in the second degree. The circuit court also committed petitioner indefinitely to the Department of Mental Health. Petitioner did not file a direct appeal.

---

[1] Petitioner's criminal case is not available for review on Case.net, Missouri's online case management system. However, petitioner has provided a copy of the docket sheet, the information, two discovery motions, a subpoena, and the judgment. (Docket No. 3-1).

Petitioner filed a notice of intent to petition for release on November 20, 2015. On December 15, 2015, an attorney for the Department of Mental Health filed a motion to dismiss and an objection to petitioner's application for unconditional release. There is no indication that the circuit court ruled upon the petition for release or the subsequent motion, as the next docket entries are for correspondence filed in January and February 2018. The Court has also been unable to find any indication that petitioner filed an appeal with the Missouri Court of Appeals.

Petitioner filed the instant action on June 19, 2019, by placing it in her institution's mailing system.[2] The petition contains four grounds for relief. First, petitioner alleges that documents were omitted from *State of Missouri v. Holman*, No. 10MR-CR00099-01 (10th Cir., Marion County), and thus, her not guilty by reason of mental defect plea was invalid. (Docket No. 9 at 3). Second, petitioner asserts that due process was not upheld because when she requested her case file from the circuit clerk's office, she was told that there were no transcripts. (Docket No. 9 at 8). Third, petitioner claims that a 2017 elopement charge from Audrain County was invalid because she was unlawfully imprisoned. (Docket No. 9 at 5). Finally, petitioner alleges that her psychiatric condition was not assessed at the time of her not guilty by reason of mental defect plea. (Docket No. 9 at 9).

## Discussion

Petitioner is currently confined at the St. Louis Psychiatric Rehabilitation Center in St. Louis, Missouri. She brings this action pursuant to 28 U.S.C. § 2254. For the reasons discussed

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

below, petitioner will be directed to show cause why her petition should not be dismissed as untimely or for failure to exhaust her state remedies.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date her judgment becomes final to file her federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

To the extent that petitioner is challenging the original August 2, 2010 order committing her to the custody of the Department of Mental Health, her petition appears time-barred. There is no notice of appeal on the docket sheet of petitioner's criminal case, nor has the Court been able to find any record of a direct appeal. Because no appeal was filed, the commitment order became final ten days after it was issued. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"). Thus, the order was final as of August 12, 2010, giving petitioner until August 12, 2011 in which to timely file a petition under § 2254. However, petitioner did not file the instant action until June 19, 2019, long after the statute of limitations period expired. Petitioner will therefore be ordered to show cause why any challenge to her original commitment should not be time-barred.

### B. Exhaustion

Missouri allows civilly-committed persons to apply for conditional or unconditional release on a yearly basis. *See* Mo. Rev. Stat. § 552.040.5; Mo. Rev. Stat. § 552.040.13. Thus, to the extent that petitioner is challenging a conditional or unconditional release hearing, the action may be timely. Nevertheless, petitioner must still demonstrate that she has exhausted her state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

"It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). The exhaustion requirement:

> implicates consideration of…whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petitions is filed, as well as whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation.

*Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present her claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires her to submit not only the facts, but also the substance of her federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

The requirement that a petitioner exhaust her state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

Here, petitioner has not demonstrated that she has exhausted her state remedies. The docket sheet for her criminal case indicates that petitioner filed a notice of intent to petition for release in 2015, but there is no information as to the outcome of that filing. Furthermore, upon reviewing state court records on Case.net, the Court is unable to determine whether petitioner has invoked a complete round of the state's appellate review process. Petitioner will therefore be ordered to show cause why any challenge to the denial of her conditional or unconditional release should not be dismissed for failure to exhaust state remedies.

### C. Order to Show Cause

Petitioner has filed a petition pursuant to 28 U.S.C. § 2254, which appears to challenge the validity of a not guilty by reason of mental defect plea that occurred on August 2, 2010. The plea resulted in her commitment to the Department of Mental Health. To the extent that petitioner is indeed challenging her 2010 commitment, she will be directed to show cause why such an action is timely under 28 U.S.C. § 2244(d)(1)(A).

If petitioner is challenging the denial of her conditional or unconditional release, she will be directed to show cause that she has exhausted her state remedies. Specifically, petitioner should name the court where the hearing took place; provide the case number; state whether an appeal was taken; provide the case number of the appeal; and articulate facts entitling her to conditional or unconditional release. Failure to comply with this order will result in the dismissal of this case.

### D. Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel (Docket No. 6). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, petitioner is being directed to show cause why her petition should not be dismissed for untimeliness or failure to exhaust. The Court will entertain future motions for appointment of counsel as the case progresses, if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to appoint counsel (Docket No. 6) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as untimely or for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 27th day of August, 2019.

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE