UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE L. HOLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-01857-NCC |
| ) | |
| FELIX VINCENZ, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Denise L. Holman's response to the Court's August 27, 2019 order to show cause. (Docket No. 11). The Court had ordered petitioner to show cause why her 28 U.S.C. § 2254 petition should not be dismissed for untimeliness and for failure to exhaust state remedies. Having carefully reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2244 and because petitioner has failed to demonstrate exhaustion.

### Background

On March 9, 2010, the State of Missouri filed an information charging petitioner with the Class C felony of assault in the second degree. *State of Missouri v. Holman*, No. 10MR-CR00099-01 (10th Cir., Marion County).[1] On August 2, 2010, petitioner withdrew her plea of not guilty and entered a plea of not guilty by reason of mental disease or defect excluding responsibility. As such, the circuit court acquitted her of the charge of assault in the second degree. The circuit court also

---
[1] Petitioner's criminal case is not available for review on Case.net, Missouri's online case management system. However, petitioner has provided a copy of the docket sheet, the information, two discovery motions, a subpoena, and the judgment. (Docket No. 3-1).

committed petitioner indefinitely to the Department of Mental Health. Petitioner did not file a direct appeal.

Petitioner filed a notice of intent to petition for release on November 20, 2015. On December 15, 2015, an attorney for the Department of Mental Health filed a motion to dismiss and an objection to petitioner's application for unconditional release. There is no indication that the circuit court ruled upon the petition for release or the subsequent motion, as the next docket entries are for correspondence filed in January and February 2018. The Court was unable to find any indication that petitioner filed an appeal with the Missouri Court of Appeals.

Petitioner filed the instant action on June 19, 2019, by placing it in her institution's mailing system.[2] The Court directed petitioner to file an amended petition on a Court form on July 2, 2019. (Docket No. 4). Petitioner complied with this directive.

The amended petition contained four grounds for relief. First, petitioner alleged that documents were omitted from *State of Missouri v. Holman*, No. 10MR-CR00099-01 (10th Cir., Marion County), and thus, her not guilty by reason of mental defect plea was invalid. (Docket No. 9 at 3). Second, petitioner asserted that due process was not upheld because when she requested her case file from the circuit clerk's office, she was told that there were no transcripts. (Docket No. 9 at 8). Third, petitioner claimed that a 2017 elopement charge from Audrain County was invalid because she was unlawfully imprisoned. (Docket No. 9 at 5). Finally, petitioner alleged that her psychiatric condition was not assessed at the time of her not guilty by reason of mental defect plea. (Docket No. 9 at 9).

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

On August 27, 2019, the Court directed petitioner to show cause why her § 2254 petition should not be dismissed as untimely and for failure to exhaust state remedies. (Docket No. 10). The Court noted that to the extent petitioner was challenging the original August 2, 2010 order committing her to the Department of Mental Health, her petition appeared time-barred. The Court further noted that to the extent petitioner was seeking conditional or unconditional release from civil commitment, she had not demonstrated that she had exhausted her state remedies before filing in federal court.

Petitioner filed a written response to the Court's show cause order on September 3, 2019, by placing it into her institution's mail system.

## Show Cause Response

In her response, petitioner states that at the time she should have filed her writ of habeas corpus, she was without counsel. (Docket No. 11 at 1). She asserts that habeas "is the only viable means by which the lawfulness of a confinement as a result of the NGRI defense can be challenged." Petitioner also states that Mo. S.Ct. R. 91.06 determines timeliness in this matter. (Docket No. 11 at 2). She further claims "[t]here is no time constraint imposed on the filing of [a] writ of habeas corpus." (Docket No. 11 at 1).

As to exhaustion, petitioner explains that she had no legal guidance and no financial means to obtain "reputable counsel." (Docket No. 11 at 2). Petitioner also states that she was ignorant of legal remedies and had no resources by which to become informed. Despite this, she asserts that she "did seek remedy at [the] state level through correspondence filed" with the state court. (Docket No. 11 at 4).

3

Petitioner's response to the Court also notes that she attempted to obtain counsel. (Docket No. 11 at 3). However, after paying a retainer, petitioner claims her attorney cashed her check but rendered no services.

Finally, petitioner claims she attempted to file a state habeas petition with the wrong form. (Docket No. 11 at 4). This petition was filed directly with the Missouri Court of Appeals, which returned the filing to her because it was captioned as a 28 U.S.C. § 2241 petition in the United States District Court for the Eastern District of Missouri. (Docket No. 11 at 29). Petitioner states that the appellate court could have delivered the writ to the "lower level jurisdiction instead of directing [it] to the wrong court." (Docket No. 11 at 4).

## Discussion

Petitioner is currently confined at the St. Louis Psychiatric Rehabilitation Center in St. Louis, Missouri. She brings this action pursuant to 28 U.S.C. § 2254. The Court previously ordered petitioner to show cause why her petition should not be dismissed as untimely and for failure to exhaust state remedies. Petitioner has filed a response to this order. Having reviewed petitioner's response, and for the reasons discussed below, the petition must be dismissed.

### A. Timeliness

To the extent that petitioner is challenging the original August 2, 2010 order committing her to the custody of the Department of Mental Health, her petition is time-barred. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date

her judgment becomes final to file her federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

Here, there is no notice of appeal on the docket sheet of petitioner's criminal case, nor has the Court been able to find any record of a direct appeal. Further, petitioner's show cause response does not indicate that an appeal was ever filed. Because no appeal was filed, the August 2, 2010 commitment order became final ten days after it was issued. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"). Thus, the order was final as of August 12, 2010, giving petitioner until August 12, 2011 in which to timely file a petition under § 2254. However, petitioner did not file the instant action until June 19, 2019, long after the statute of limitations period expired.

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner's response suggests that petitioner did not have counsel and lacked legal acumen. However, a prisoner's pro se status, lack of legal knowledge or resources, or confusion about or miscalculations of the limitations period are not adequate to warrant equitable tolling. *See*

5

*Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Thus, she has not shown that an extraordinary circumstance stood in her way of filing. Moreover, petitioner has not demonstrated diligent pursuit of her rights, as seven years and ten months elapsed after the expiration of the one-year limitations period before the filing of the instant petition. Therefore, to the extent that petitioner is challenging the original commitment order, the petition must be dismissed as time-barred.

## B. Exhaustion

To the extent that petitioner can be understood to be seeking conditional or unconditional release from commitment, pursuant to Mo. Rev. Stat. § 552.040.5 or Mo. Rev. Stat. § 552.040.13, the petition is subject to dismissal due to her failure to exhaust her available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

"It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). The exhaustion requirement:

> implicates consideration of…whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petitions is filed, as well as whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation.

*Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present her claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires her to submit not only the facts, but also the substance of her federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy

the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

The requirement that a petitioner exhaust her state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id.*

Petitioner's show cause response does not demonstrate that she has exhausted her state remedies. She asserts that she had no counsel or legal knowledge, but this does not relieve her of the exhaustion requirement. Similarly, the fact that the attorney she retained failed to file her petition does not constitute exhaustion. Petitioner also argues that "correspondence" she filed with the state court constitutes exhaustion. However, as noted above, exhaustion requires petitioner to invoke one complete round of the state's established appellate review process. She has not demonstrated this.

The Court notes that subsequent to the Court's August 27, 2019 order to show cause, petitioner filed a motion to vacate, set aside or correct judgment in state court. *Holman v. State of*

7

*Missouri*, 19MR-CV01432 (10th Cir., Marion County). The petition was filed on September 6, 2019. Relief was denied on October 8, 2019. There is no indication on Case.net that petitioner filed a notice of appeal. Moreover, petitioner's show cause response does not contain any mention of *Holman v. State of Missouri*, 19MR-CV01432 (10th Cir., Marion County), much less provide information regarding an appeal.

As previously discussed, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph*, 276 F.3d at 403. This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis*, 925 F.2d at 279. Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id.* Even though it appears as though petitioner has filed a motion challenging her civil commitment in state court, she has not completed the appellate review process. Thus, she has not yet exhausted her state remedies, and her petition must be dismissed.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, to the extent that petitioner is seeking review of her original August 2, 2010 civil commitment, the petition is untimely because it was filed beyond the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A). Moreover, petitioner has not demonstrated that equitable tolling should be applied. To the extent that petitioner is seeking review of the denial of conditional or unconditional release, she has not demonstrated that she has exhausted state remedies by filing an action in state court *and* completing the appellate process. Therefore, the Court must dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus in its entirety.

## D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 17th day of December, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE